1 Name: Fernando Gastelum
2 Address: 209 W. 9th Street
Casa Grande, AZ 85122
3 Telephone Number: 520-560-0927
4 Email: fernandog8899@gmail.com
*Pro se*



FILED
DEC 06 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

FERNANDO GASTELUM,

    Plaintiff,

vs.

ROSS STORES, INC.

    Defendant.

Case No.: **C 22 07686 VKD**

**VERIFIED COMPLAINT**

### PARTIES

1. Plaintiff is a senior citizen with physical disabilities. Plaintiff is missing a leg. Plaintiff uses a wheelchair for mobility and has a specially equipped sport utility vehicle.

2. The missing right leg substantially limits his major life activities of walking, reaching, pushing and other musculoskeletal activities that are normally associated with missing lower limbs.

3. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use, that is, accessible routes that provide firm, level surface and that are wide enough to navigate his wheelchair.

4. Defendant owns and/or operates hundreds upon hundreds of general merchandise stores under brand names Ross Dress for Less and DD's Discounts ("Stores"), including the following:

    A. DD's Discounts at 6735 Camino Arroyo, Gilroy, California 95020.

1

  B. Ross Dress for Less at 6715 Camino Arroyo, Gilroy, California 95020.

  C. Ross Dress for Less at 33720 Yucaipa Blvd., Yucaipa, California 92399.

  D. Ross Dress for Less at 1646 E. 2nd Street, Beaumont, California 92223.

  E. Ross Dress for Less at 27651 San Bernardino Ave, Redlands, California 92374.

  F. Ross Dress for Less at 2663 Town & Country Place, Sacramento, California 95821.

  G. Ross Dress for Less at  33720 Yucaipa Blvd., Yucaipa, California 92399.

  H. Ross Dress For Less at 6541 N. Riverside Drive, Fresno, California 93722.

  I. Ross Dress For Less at 3043 N. Shaw Ave Fresno, California 93711.

  J. DD's Discount at 528 E. Danenberg Dr El Centro, California 92243

5. The Stores are public accommodations.

## JURIDICTION AND VENUE

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

8. On December 20, 2021, the parties settled of certain prior ADA and Unruh claims.

9. The settlement agreement provided that prior to filing any new claims against Defendant, Plaintiff had to provide Defendant with notice and a 90 day remediation period.

10. Since December 20, 2021, Plaintiff continued visiting Ross Stores to purchase merchandise there, and did purchase merchandise there, on the dates specified:

  A. **DD's Discounts at 6735 Camino Arroyo, Gilroy, California 95020** remained inaccessible as of May 18, 2022 and then again on November 15, 2022 in the following respects:

1. Clear width of accessible routes between displays of merchandise remains less than 36" and violate §403.5.1.
2. The bathroom door requires the push-pull force greater than 5 lbs which violates §309.4.2.
3. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." *See* 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

B. **Ross Dress for Less at 6715 Camino Arroyo, Gilroy, California 95020** remained inaccessible as of May 18, 2022 and then again on November 15, 2022 in the following respects:
1. Clear width of accessible routes between displays of merchandise remains less than 36" and violate §403.5.1.
2. The bathroom door requires the push-pull force greater than 5 lbs which violates §309.4.2.
3. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." *See* 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

C. **Ross Dress for Less at 33720 Yucaipa Blvd., Yucaipa, California 92399** remained inaccessible as of August 11, 2011 and then again on May 5, 2022 in the following respects:
1. Clear width of accessible routes between displays of merchandise remains less than 36" and violates §403.5.1.
2. The operable part of the bathroom door requires the twisting of the wrist which violates §309.4.
3. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to

afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." See 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

**D. Ross Dress for Less at 1646 E. 2nd Street, Beaumont, California 92223** remained inaccessible as of May 16, 2022 in the following respects:

1. Clear width of accessible routes between displays of merchandise remains less than 36" and violate §403.5.1.
2. The operable part of the bathroom door requires the twisting of the wrist which violates §309.4.
3. The bathroom door requires the push-pull force greater than 5 lbs which violates §309.4.2.
4. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." See 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

**E. Ross Dress for Less at 27651 San Bernardino Ave, Redlands, California 92374** remained inaccessible as of May 17, 2022 in the following respects:

1. Clear width of accessible routes between displays of merchandise remains less than 36" and violate §403.5.1.
2. The operable part of the bathroom door requires the twisting of the wrist which violates §309.4.
3. The bathroom door requires the push-pull force greater than 5 lbs which violates §309.4.2.
4. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." See 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

F. **Ross Dress for Less at 2663 Town & Country Place, Sacramento, California 95821** remained inaccessible as of May 19, 2022 in the following respects:
   1. Clear width of accessible routes between displays of merchandise remains less than 36" and violate §403.5.1.
   2. The operable part of the bathroom door requires the twisting of the wrist which violates §309.4.
   3. The bathroom door requires the push-pull force greater than 5 lbs which violates §309.4.2.
   4. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." *See* 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

G. **Ross Dress for Less at 33720 Yucaipa Blvd., Yucaipa, California 92399** remained inaccessible as of August 11, 2021 and again on May 20, 2022 in the following respects:
   1. Clear width of accessible routes between displays of merchandise remains less than 36" and violate §403.5.1.
   2. The operable part of the bathroom door requires the twisting of the wrist which violates §309.4.
   3. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." *See* 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

H. **Ross Dress For Less at 6541 N. Riverside Drive, Fresno, California 93722** remained inaccessible as of January 26, 2022 in the following respects:
   1. Clear width of accessible routes between displays of merchandise remains less than 36" and violate §403.5.1.

2. The operable part of the bathroom door requires the twisting of the wrist which violates §309.4.
3. The bathroom door requires the push-pull force greater than 5 lbs which violates §309.4.2.
4. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." *See* 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

I. **Ross Dress For Less at 3043 N. Shaw Ave Fresno, California 93711** remained inaccessible as of January 26, 2022 in the following respects:
   1. Clear width of accessible routes between displays of merchandise remains less than 36" and violate §403.5.1.
   2. The operable part of the bathroom door requires the twisting of the wrist which violates §309.4.
   3. The bathroom door requires the push-pull force greater than 5 lbs which violates §309.4.2.
   4. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." *See* 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

J. **DD's Discount at 528 E. Danenberg Dr El Centro, California 92243** remained inaccessible as of February 24, 2022 in the following respects:
   1. Clear width of accessible routes between displays of merchandise remains less than 36" and violate §403.5.1.
   2. Ross Dress for Less, Inc. has failed to adopt "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to

individuals with disabilities." *See* 42 U.S.C. §12182(b)(2)(A)(ii) and 28 C.F.R. §36.302.

11. On July 17, 2022, Plaintiff gave Defendant the required notice of violations at its Stores, stating in part:

> On December 20, 2021, we settled claims against two Ross stores, allocated at 3237 Sports Arena Blvd., San Diego, California 92110, 9000 Rosedale Hwy, Bakersfield, California 93312, and 33720 Yucaipa Blvd., Yucaipa, California 92399. ¶ IV(G) provides:
>
> > G. Plaintiff agrees not to file any claim, complaint, or lawsuit against Defendant or any Releasee for any alleged violations of the ADA, the Unruh Civil Rights Act, and/or corollary arising after the Effective Date, unless he has provided Defendant with notice of the alleged violation(s) and ninety (90) days to cure the alleged violation(s).

12. Defendant did not cure the violations at its stores.

13. The barriers at the Stores directly relate to and impact Plaintiff's disability and interfered with Plaintiff's full and equal enjoyment of the Stores.

14. The barriers identified above are easily removed without much difficulty or expense.

15. Plaintiff is often in the area where the Stores are located.

16. Plaintiff intends to return to the Stores to conduct business there and to review the Stores for compliance in the Spring of 2023 or earlier if he is advised that the Stores are ADA and Unruh compliant.

17. Until he is advised that each store is ADA and Unruh compliant, Plaintiff will not return there because he is deterred from shopping Defendant's inaccessible Stores.

18. On October 14, 2022, Plaintiff emailed to Defendant's attorneys a claim based on the continuing violations at the Stores.

19. In response, Defendant's attorneys promised to provide proof of remediation as of October 14, 2022, but no proof has been provided.

20. Even if the proof had been provided, it would have violated the 90 day cure provision.

# FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
(42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Stores are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

24. Here, the failure to comply with 42 U.S.C. § 12182 and 28 C.F.R. § 36.211(a) is a violation of the law.

25. Defendant violated the ADA by removing known barriers to accessibility as disclosed above.

**SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
(Cal. Civ. Code § 51-53.)

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

27. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

28. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

29. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

30. By its continuing and unrelenting discrimination against the disabled, including Plaintiff, Defendant is and has been guilty of oppression, malice and despicable conduct as defined in Cal. Civ. Code Article 3, §3294 and elsewhere.

31. "Malice" includes "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others", including Plaintiff.

32. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

33. "Despicable conduct" has been described as conduct that is "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon

and despised by ordinary decent people." (*Lackner v. North* (2006) 135 Cal.App.4th 1188, 1210.)

34. Plaintiff alleges that voluntary and intentional segregation and discrimination of the type alleged here, and indeed any segregation and discrimination against any member of a disability class, is malicious and oppressive as a matter of law.

35. In addition to the actual damages, Plaintiff seeks damages for the sake of example and by way of punishing Defendant in an amount sufficient to deter, make example of, and punish Defendant in the form of punitive damages.

## PRAYER FOR RELIEF

36. Plaintiff prays that this Court award statutory damages for each encounter with barriers to accessibility at Defendant's Stores, and for costs and expenses, and provide further relief as follows:

    a. For injunctive relief compelling Defendant to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act; and

    b. For Unruh statutory damages in the amount of $4,000.00 per encounter with inaccessible elements at the Stores; and

    c. Treble damages pursuant to Cal. Civ. Code §3345(b);

    d. For punitive damages pursuant to Civ. Code Article 3, § 3294.

    e. For a specific order requiring Defendant to cease and desist from discrimination as defined in 42 U.S.C. §12182; and

    f. To provide that any non-compliance with 42 U.S.C. §12182 will subject Defendant to a contempt of court citation and additional monetary damages and penalties; and

    g. In the event Plaintiff is required to hire counsel, for reasonable attorney fees, litigation expenses and costs of suit pursuant to the ADA and Unruh.

## REQUEST FOR JURY TRIAL

37. Plaintiff requests a trial by a jury.

///

## VERIFICATION

38. Plaintiff verifies under the penalty of perjury that the allegations of fact above are true to the best of his knowledge, information and belief.

DATED THIS November 29, 2022.

_____
Fernando Gastelum